State *v.* Railroad Company.

STATE AND COUNTY *v.* NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY COMPANY.

(*Nashville.*    February 18th, 1888.)

TAXATION.    *Railroad companies.    Exemptions.*

Under a railroad charter exempting from taxation the road and its *appurtenances,* including *warehouses,* etc., an elevator, though situated outside the right of way, if necessary and used as a depot or warehouse, and located at such a distance on account of natural disadvantages, is exempt, together with the side-tracks, etc., necessary to connect it with the road, and the land on which both are constructed.

Cases cited : State *v.* Railroad, 12 Lea, 583; 33 N. J. Law, 315; 34 Wis., 271.

FROM HUMPHREYS.

Appeal from Chancery Court of Humphreys County.  GEORGE E. SEAY, Ch.

For a full statement of facts, see opinion of this Court in *State* v. *Railroad,* 12 Lea, 583.

H. C. CARTER for Complainants.

EAST & FOGG and McADOO & SHANNON for Defendant.

FOLKES, J.    This is a bill filed by the State and county to recover taxes for the years 1883

and 1884 upon an elevator and spur and side-tracks leading to and in connection therewith, and upon some twenty odd acres of ground owned by the railroad company, upon a portion of which said elevator and tracks are situated.

The proof shows that the elevator was built by the railroad company to receive and handle freight which may be received from or consigned to points on the Tennessee River. It is about three hundred yards from the road's right of way, and was placed where it is because the river bank, at the point where the main line crosses the river on the bridge of the company, is thirty or forty feet above the usual level of the river, so that it would be extremely inconvenient, if not impossible, to handle its river freight at that point. The Chancellor gave decrees in favor of the State and county for the taxes claimed, embracing tax on the value of the elevator and the tracks, as well as upon the lands. The railroad company has appealed.

The decree must be reversed, and cause remanded for the purpose of separating the value of the tracks and elevator from the value of the lands described in the bill outside of, or not occupied by, the tracks and building; and when ascertained, the company will be required to pay the taxes upon such lands, and will be relieved from the taxes upon the elevator and tracks.

The railroad company, under its charter, is ex-

empt from taxation for a period of twenty-five years (now nearly expired) as to its road, with all its fixtures and *appurtenances*, including the workshops, *warehouses*, and vehicles of transportation. It is manifest that the elevator is merely a depot or warehouse, and the tracks leading thereto and in connection therewith are only side-tracks or spurs, and as such are exempt under the express terms of the charter as above quoted.

If these extensions be not necessary or proper to the exercise and enjoyment of its franchise under its charter, then the State could, by appropriate proceedings, question its right to extend its track; but if the addition and erection be legally made under its charter, they are, under the same instrument, exempt from taxation for the years for which this suit is brought.

All the rights, privileges, and *immunities* appertaining to the franchise of the Nashville & Northwestern Railroad were sold and decreed to the defendant company under foreclosure proceedings inaugurated by the State, and *under the special terms* of the State's decree, as was held by this Court in the case of *The State* v. *The Railroad*, 12 Lea, 583, passed to the purchaser the exemption from taxation. This exemption embraces manifestly property in the shape of tracks and depot or warehouse buildings laid and erected after the purchase, and rolling-stock necessary for its operation acquired afterward, as well as before, so long as such tracks, depots, warehouses, etc., were

rightfully acquired as appertaining to the due operation of the road under its charter.

The question now and here is not one of a right to the exemption stipulated for in the charter, but whether the property in question is a warehouse, and the side or spur tracks are appurtenances under the charter, and as such entitled to the benefit of the exemption, where they are removed, as shown, from the right of way of the company. If the elevator, under the proof in this case, be a depot or warehouse, and the side-tracks connected therewith be appurtenances, it must follow that they are exempt under the adjudication referred to. As has been elsewhere held, "a general exemption of railroad property is co-extensive with the right of the railroad company to take property for its use by condemnation, and the limit of such right is the limit of the exemption." *State* v. *Hancock*, 33 N. J. Law, 315; *Milwaukee Railroad* v. *Milwaukee*, 34 Wis., 271.

It will not be denied that the company here could have condemned the ground necessary for its spur-tracks and the building in question.

Let decree be entered as herein directed.